IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-57-BO

| | |
|---|---|
| JANET L. GALLAGHER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on April 6, 2016, at Raleigh, North Carolina. For the reasons discussed below, the decision of the Commissioner is affirmed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) pursuant to Title II of the Social Security Act. Plaintiff filed for DIB on June 22, 2011, alleging disability since March 10, 2011. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who then issued an unfavorable ruling. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review on January 20, 2015. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is

supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant

2

Case 7:15-cv-00057-BO   Document 30   Filed 04/27/16   Page 2 of 8

has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date. Plaintiff's lumbar degenerative disc disease, diabetes with diabetic neuropathy, and obesity were considered severe impairments at step two but were not found alone or in combination to meet or equal a listing at step three. The ALJ concluded that plaintiff had the RFC to perform a reduced range of sedentary work but with lift and carry limitations of ten pounds frequently and twenty pounds occasionally and, *inter alia*, the ability to periodically alternate between sitting and standing every hour. The ALJ then found that plaintiff was unable to return to her past relevant work as a licensed practical nurse, but that, considering plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled as of the date of his decision.

3

Plaintiff contends that the ALJ erred in improperly weighing treating expert and other-source opinion, improperly assessing plaintiff's credibility, improperly assessing the severity of plaintiff's impairments and their effects, and thus improperly assessing plaintiff's RFC.

A.  Treating and other-source opinions

The opinion of a treating physician must be given controlling weight if it is not inconsistent with substantial evidence in the record and may be disregarded only if there is persuasive contradictory evidence. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir. 1983). An ALJ must provide specific reasons for the weight given to a treating physician's opinion. SSR 96-2p.

Plaintiff contends that the ALJ erred by failing to assign a specific weight to the opinion of her treating physician Dr. Kishbaugh. While the ALJ did not expressly state the specific weight attributed to it, the ALJ specifically discussed Dr. Kishbaugh's opinion and noted that it was "vague and not expressed in vocationally relevant terms." Tr. 34. The ALJ further incorporated some of the limitations expressed in Dr. Kishbaugh's opinion into plaintiff's RFC, and thus it is clear from the decision that the ALJ gave the opinion some weight. Although plaintiff contends that the ALJ erred by adopting some of Dr. Kishbaugh's limitations but not others, an ALJ need not accept or reject a medical opinion in full. *See Kozel v. Astrue*, CIV. JKS-10-2180, 2012 WL 2951554, at *5 (D. Md. July 18, 2012). Insomuch and the ALJ's failure to state precisely the weight attributed to Dr. Kishbaugh's opinion was error, such error is harmless in this instance because the ALJ expressly considered the opinion and thoroughly discussed his treatment of it.

4

Plaintiff next contends that the State agency physical medical opinions were inconsistently addressed. The ALJ found that the State agency medical consultants did not adequately consider all of plaintiff's physical impairments and thus the ALJ found plaintiff to be more limited than the State agency consultants had expressed. Tr. 35. The ALJ further afforded no weight to a third medical consultant because the opinion overstated plaintiff's abilities. *Id.* The ALJ clearly explained his treatment of these opinions and his reasons for discounting them. That some of the postural limitations adopted by the ALJ were also included in the opinions of the State agency consultants does not reveal an inconsistency in the ALJ's opinion.

Finally, plaintiff contends that the ALJ failed to properly weigh an opinion from plaintiff's former employer. Opinions from "other sources" may provide insight into the severity of a claimant's impairments and how the impairments affect the claimant's ability to function. SSR 06-03p. The ALJ expressly considered the opinion of plaintiff's former employer, but found it to be less probative as it included judgments about matters of which she had no first-hand knowledge. Tr. 35. The ALJ further noted that there would be no reason to doubt the sincerity of the source's observations of plaintiff's behaviors and symptoms, but that the source's observations are not consistent with the other evidence of record. *Id.*

Plaintiff has failed to identify any error in the ALJ's treatment of the other source opinion. For example, the other source opinion noted that she has helped plaintiff's daughter lift plaintiff out of the bathtub. Tr. 248. The medical evidence, however, does not support such a gross limitation on plaintiff's abilities. *See e.g.* Tr. 294, 359; 367-68 (mild tenderness in paraspinal muscles, mild lumbar muscle spasm, negative straight leg raise tests, right shoulder pain worse with overhead activities).

5

B.  Plaintiff's credibility

Plaintiff next contends that the ALJ erred in assessing plaintiff's credibility. An ALJ must consider all of the relevant evidence when assessing a claimant's RFC, SSR 96-8p, and an ALJ's credibility determination is to be given great weight. *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). In assessing plaintiff's credibility, the ALJ found that plaintiff's allegations as to the existence of her symptoms were only partially supported by the medical record, and that while plaintiff does have severe impairments which could reasonably be expected to produce the symptoms she alleged if she failed to follow her medical regimen or attempted to exceed her RFC, her allegations as to the intensity and persistence of her limitations were disproportionate to the evidence. Tr. 32.

The ALJ specifically considered plaintiff's testimony regarding her pain and the limitations it imposed, largely accepting it and limiting plaintiff to a reduced range of sedentary work. Tr. 34. That the ALJ noted inconsistencies in plaintiff's testimony regarding her activities of daily living, *compare* Tr. 214 (plaintiff reports going outside every three to four days) *with* Tr. 66 (plaintiff's testimony that she drives Monday through Friday), in determining that plaintiff may not be entirely reliable was not error. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (duty of ALJ not reviewing court to resolve conflicts in the evidence).

C.  Severity of plaintiff's impairments and assessment of RFC

Plaintiff contends that the ALJ erred in finding plaintiff's urinary incontinence, hypertension, asthma, and depression not to be severe impairments. A severe medically determinable impairment is one which "significantly limits [a claimant's] physical or mental ability to do basic work activities, . . .." 20 C.F.R. § 404.1520(c). The ALJ noted that the record

reflects that plaintiff's asthma and hypertension are controlled by medication and that there is no evidence that these impairments cause any significant symptoms. Tr. 27. The ALJ fully addressed plaintiff's allegation of urinary incontinence, noting that she had not allege such condition on her application for benefits and that there is scant mention of it in the medical record. *Id.* The ALJ conducted a thorough analysis of plaintiff's depression, concluding that it does not cause more than minimal limitation on plaintiff's abilities. Tr. 28.

The Court finds no error in the ALJ's assessment of plaintiff's urinary incontinence, hypertension, asthma, and depression. The ALJ relied on the record evidence, or lack thereof, and plaintiff's own statements, or lack thereof, that these conditions were not severe. For example, plaintiff stated that her mental concerns would not keep her from working, Tr. 400, but now argues that contradictory opinions by physicians should be entitled to greater weight. Review of the record does not reveal, however, a physician's opinion that plaintiff's depression significantly limits plaintiff's ability to do basic work activities. Review of the record further reveals only two instances where plaintiff complained of urinary problems to her treating physicians. Tr. 282 (Urinary incontinence. No urgency, frequency, nocturia); Tr. 405-06 (complains of pressure in bladder area; no dysuria, fever, or chills). As noted above, plaintiff's asthma and hypertension were controlled with medication. *See Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) ("If a symptom can be reasonably controlled by medication or treatment, it is not disabling.").

Plaintiff further contends that the ALJ violated SSR 96-8p by failing to adequately address the effects of plaintiff's non-severe impairments.[1] This argument is unavailing. The ALJ

---

[1] "While a 'not severe' impairment(s) standing alone may not significantly limit an individual's ability to do basic work activities, it may--when considered with limitations or restrictions due to other impairments--be critical to the outcome of a claim." SSR 96-8p.

7

noted plaintiff's non-severe impairments when assessing her credibility, specifically referencing his earlier discussion of such impairments and why they did not qualify as medically determinable or severe. Tr. 32. Further, because the ALJ found some of plaintiff's non-severe impairments, such as her asthma and hypertension, to have no significant symptoms, that the ALJ did not expressly discuss how those impairments would in combination with other impairments affect plaintiff's ability to perform work activities was not error.

The ALJ's decision reflects a thorough consideration of the medical record and the testimony in this case and is supported by substantial evidence. The decision of the Commissioner is therefore affirmed.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 20] is DENIED and defendant's motion for judgment on the pleadings [DE 21] is GRANTED. The decision of the ALJ is AFFIRMED.

SO ORDERED, this __26__ day of April, 2016.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE